IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:07-CR-1-BO-1

| | | |
|---|---|---|
| CHINA THOMPSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [DE 52]. The government, in response, has moved to dismiss the motion to vacate. [DE 57]. For the reasons that follow, the government's motion to dismiss is GRANTED and the petitioner's motion to vacate, set aside, or correct his sentence is DENIED.

BACKGROUND

In September 2007, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute more than 100 grams of heroin, 50 grams of cocaine base (crack), and 500 grams of cocaine, in violation of 21 U.S.C. § 846. [DE 20]. In January 2008, petitioner was sentenced to a total of 198 months' imprisonment. [DE 27].

In January 2018, petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. [DE 52]. Petitioner alleges that he was improperly sentenced as a career offender, citing *Johnson v. United States* (2015) and *Mathis v. United States* (2016). [DE 52-1, p. 5]. The government has moved to dismiss petitioner's motion pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## DISCUSSION

A Rule 12(b)(6) motion to dismiss must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Rule 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to Section 2255 proceedings). Additionally, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

Petitioner argues that he is no longer a career offender. He argues that his previous North Carolina assault conviction was improperly considered a career offender predicate, leading to his increased guidelines range. For support, he cites both *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, 136 S. Ct. 2243 (2016). He also maintains that *Beckles v. United States*, 137 S. Ct. 886 (2017), does not bar relief.

Certain prior felony offenses—controlled substance offenses and crimes of violence—qualify as predicate offenses for determining career offender status. U.S.S.G. § 4B1.2(b). If a defendant has at least two prior predicate offenses, he is considered a career offender and is sentenced under more severe guidelines. A controlled substance offense is an offense that "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance)" or "the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). A crime of violence is one that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1).

2

In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act was unconstitutionally vague. The residual clause defined a violent felony, for the purpose of sentencing armed career criminals, to include a felony "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Johnson*, 135 S. Ct. at 2555. Then, in *Beckles*, the Supreme Court held that the same language in the 2006 advisory Sentencing Guidelines—which were in effect when petitioner was sentenced—was *not* subject to Due Process challenges on vagueness grounds. *Beckles*, 137 S. Ct. at 890. As a result of *Beckles*, petitioner cannot argue in collateral proceedings that his prior conviction was not, in fact, a crime of violence because of the vagueness of the residual clause. Petitioner offers another argument, premised on *Mathis*, in which the Supreme Court held that a state criminal statute that was broader than its federal analogue could not serve as a predicate felony for a sentencing enhancement under the Armed Career Criminal Act. *Mathis*, 136 S. Ct. at 2257. But, even if *Mathis* provided support for the relief that petitioner requests, it has not been applied retroactively on collateral review. *See Stewart v. United States*, No. CR ELH-13-262, 2017 WL 2361089, at *5 (D. Md. May 31, 2017) (listing cases); *see also United States v. Taylor*, 672 Fed. App'x 860, 864 (10th Cir. 2016).

Petitioner has career offender status because at time of sentencing he had a prior felony controlled substance offense and a prior felony crime of violence. [Presentence Investigation Report at 5–7, ¶¶ 12, 21]. Taken together, these two prior convictions were sufficient predicate felonies to establish petitioner's status as a career offender under the advisory guidelines. Both were punishable by a term longer than a year and both occurred after petitioner turned eighteen. None of *Johnson*, *Mathis*, or *Beckles* provides support for the relief that petitioner requests. Thus, petitioner's motion is dismissed.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the above reasons, the government's motion to dismiss [DE 57] is GRANTED and petitioner's motion to vacate [DE 52] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this 22 day of September, 2018.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE